IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Vanessa O. Haggins, ) | |
| ) | C/A No. 3:13-1596-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Sam's East, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On June 11, 2013, Plaintiff Vanessa O. Haggins filed an action against her employer, Defendant Sam's East, Inc., alleging that she had been subjected to discrimination on the basis of her gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as well as because of a disability, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, 12112(b).[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff has been employed by Defendant as a maintenance associate since 1999. Plaintiff asserts she was subjected to disparate working conditions when George Turosik was general manager at the store where Plaintiff works. Plaintiff contends that male maintenance associates were offered overtime and that they were not required to do the amount of "detailed cleaning" that she was required to undertake. Plaintiff further alleges that she was not provided assistance completing tasks when she requested assistance, although male maintenance associates did receive assistance when requested.

---

[1] Plaintiff also alleged a cause of action for race discrimination, but has abandoned that claim.

In addition, Plaintiff contends that she suffered from carpel tunnel syndrome and was under work restrictions during the time Turosik was general manager. Plaintiff claims that, regardless of the restriction that she "not . . . do anything repetitive," Turosik instructed her to fold clothes and sweep the parking lot. Plaintiff also alleges that, on one occasion, she was required to work outside at a gas station on Defendant's property despite being diagnosed with a skin condition that was exacerbated by exposure to heat and sunlight. Plaintiff further asserts that she received a verbal counseling for two "no show, no call" entries in her records after she had been unable to work because of her alleged disability.

Defendant filed a motion for summary judgment on September 8, 2014. Plaintiff filed a response in opposition on October 3, 2014, to which Defendant filed a reply on October 14, 2014. On May 19, 2015, the Magistrate Judge issued a Report and Recommendation in which she determined that Plaintiff failed to make out either a prima facie case of gender discrimination or a prima facie case of discrimination under the ADA. Accordingly, the Magistrate Judge recommended that summary judgment be granted in favor of Defendant. Plaintiff filed objections to the Report and Recommendation on June 5, 2015, to which Defendant filed a reply on June 22, 2015.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

II. DISCUSSION

A.     Gender Discrimination

Plaintiff argues that the Magistrate Judge erred in finding that Plaintiff had not made out a prima facie case of gender discrimination. The court disagrees.

The elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (citing White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir. 2004)). Plaintiff challenges the Magistrate Judge's determination that Plaintiff failed to adduce competent evidence as to the fourth prong of the test.

Plaintiff contends that the Magistrate Judge disregarded Plaintiff's evidence that male employees were allowed to perform lighter work and more favorable tasks, even after Plaintiff complained to her supervisor. However, as the Magistrate Judge properly observed, Plaintiff relies solely on her uncorroborated testimony regarding any male comparators she claims received more favorable treatment. Further, the only competent evidence in the record, which was provided by Defendant, is that one male maintenance employee about whom Plaintiff complains received more favorable treatment was utilized for other projects, such as painting and building displays. Under those facts, the male maintenance employee is not a suitable comparator. Plaintiff's objection is without merit.

B.     Disability Discrimination

Plaintiff contends the Magistrate Judge erred in determining that Plaintiff had failed to establish a prima facie case of disability discrimination. The court disagrees.

To establish a prima facie case under the ADA, Plaintiff must allege that (1) she was a qualified individual with a disability under the ADA; (2); she was subject to an adverse employment action; (3) her performance at the time of the discharge met the legitimate expectations of her employer; and (4) the adverse employment action occurred under circumstances that raise a reasonable inference of unlawful discrimination. See Haulbrook v. Michelin N. Am., 252 F.3d 696, 702 (4th Cir. 2001). The Magistrate Judge assumed for purposes of summary judgment that Plaintiff was a qualified individual with a disability during the period complained of, and that she was performing adequately. At issue, then, are the second and fourth prongs of the test.

An "adverse employment action" is one that negatively affects "the terms, conditions, or benefits" of employment. Munday v. Waste Mgm't of North Am., Inc., 126 F.3d 239, 243 (4th Cir. 1997). The Magistrate Judge determined that Plaintiff's "no call-no show" verbal counseling did not constitute an adverse employment action because, after inquiry, the reference to the counseling was removed from Plaintiff's personnel file and Plaintiff was never held accountable for the no-shows that were the subject of her counseling.

According to Plaintiff, however, the verbal counseling was part of a progressive disciplinary action that moved her toward termination, and thus constituted an adverse employment action. See Nye v. Roberts, 145 F. App'x 1, 6 (4th Cir. 2005) (holding that, in the context of a progressive disciplinary policy, a formal letter of reprimand and a downgraded performance evaluation thrust the plaintiff "further along the discipline track and closer to termination").

In Nye, the Court of Appeals for the Fourth Circuit found evidence that a reasonable jury could find that the reprimand and performance evaluation resulted in a material change in the plaintiff's employment status. This holding is consistent with precedent providing that a poor

performance evaluation "'is actionable only where the employer subsequently uses the evaluation as a basis to detrimentally alter the terms or conditions of the recipient's employment.'" James v. BoozAllen & Hamilton, Inc., 368 F.3d 371, 377 (4th Cir. 2004) (quoting Spears v. Missouri Dep't of Corr. & Human Res., 210 F.3d 850, 854 (8th Cir. 2000)).  There is no evidence in this case of a tangible effect on Plaintiff's employment resulting from the verbal counseling she received.

Plaintiff also asserts that her reassignment to work at Defendant's gas station constituted an adverse employment action.  However, as the Magistrate Judge properly found, a different job assignment does not constitute an adverse employment action unless the assignment results in some significant detrimental effect.  See Holland v. Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007).  In this case, Plaintiff was reassigned for one day to work in the covered portion of the gas station.  There is no competent evidence in the record that the assignment adversely affected Plaintiff, particularly with respect to her compensation, job title, level of responsibility, or opportunity for promotion.  See id.[2]  Plaintiff's objections are without merit.

### III.  CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated herein and in the Report and Recommendation, Defendant's motion for

---

[2] Because the court discerns no adverse employment action, the court declines to address Plaintiff's contention that any adverse employment actions occurred under circumstances giving rise to a reasonable inference of unlawful discrimination.

summary judgment (ECF No. 35) is **granted**.

    **IT IS SO ORDERED.**

                                    /s/ Margaret B. Seymour
                                    Senior United States District Judge

Columbia, South Carolina

September 30, 2015